Prob 12
(Mod. For E.VA 10/09)

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA


FILED
JAN 1 0 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

U.S.A. vs. Brooke Rivera          Docket No. 3331126

Petition on Probation          1:13mJ15

COMES NOW Elissa F. Martins, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Brooke Rivera, who was placed on supervision by the Honorable T. Rawles Jones, Jr. sitting in the Court at Alexandria, Virginia, on the 21st day of June, 2012, who fixed the period of supervision at one (1) year, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
See Attachment(s)

*Place in NCIC*

PRAYING THAT THE COURT WILL ORDER a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

ORDER OF COURT

Considered and ordered this 10th day of Jan, 2013 and ordered filed and made a part of the records in the above case.

/s/Thomas Rawles Jones, Jr.
_____
T. Rawles Jones, Jr.
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1/9/13

Elissa J. Martins
_____
Elissa F. Martins
U.S. Probation Officer

Place Alexandria, Virginia

TO CLERK'S OFFICE


Petition on Probation
Page 2
RE: RIVERA, Brooke

OFFENSE: Driving Under the Influence

SENTENCE: The defendant was placed on probation for a period of one (1) year with the following special conditions: 1) The defendant shall enter and successfully complete an alcohol education program as directed; 2) The defendant shall not operate a motor vehicle anywhere in the United States for a period of one (1) year except: a) to, from and as directly required by the defendant's employment, b) to and from the probation office, c) to and from the alcohol program and any other programs required by probation, d) to and from this court, e) to and from school; 3) The defendant shall not violate any local, state or federal traffic law; 4) The defendant shall pay the $100 fine, $10 special assessment and $25 processing fee within ninety (90) days.

ADJUSTMENT TO SUPERVISION: The defendant's adjustment to supervision has been marginal. Ms. Rivera paid the court ordered fine and fees on September 22, 2012. Ms. Rivera received her second Driving While Intoxicated conviction in Fairfax County, Virginia, on November 7, 2012. She was sentenced to 365 days in jail, with all but 20 days suspended, license suspension for three and a half (3 ½) years, fine and fees, and complete ASAP. This offense occurred prior to the defendant's placement on supervision, and therefore was not a violation of probation. Her license is currently revoked.

This officer referred Ms. Rivera to treatment with the Fairfax County Alcohol Safety Action Program (ASAP) in July 2012. As outlined below, the defendant has not yet begun ASAP classes. The defendant was referred to additional treatment with the National Counseling Group in September 2012; however, she did not enroll until December 2012.

VIOLATIONS: The following violations are submitted for the Court's consideration.

MANDATORY CONDITION: COMMISSION OF A CRIME - UNAUTHORIZED USE OF A VEHICLE AND OPERATING AFTER SUSPENSION/REVOCATION.

On December 27, 2012, Ms. Rivera was arrested and charged with Unauthorized Use of a Vehicle and Operating after Suspension/Revocation. This matter is scheduled to be heard before the Fairfax County General District Court on February 11, 2013.

According to the Fairfax County Police report, Mrs. Hoover, the defendant's mother, reported she and her husband took Ms. Rivera out for her 21st birthday on December 26, 2012, at which time the defendant became

severely intoxicated. As referenced in the police report, Mr. Barr, the defendant's step-father, indicated Ms. Rivera was "so intoxicated, that he had to physically assist her into the house." Upon their return home, the defendant wanted to continue to party. Mrs. Hoover related the defendant was told she could have friends over, but was not allowed to leave. Mrs. Hoover then went to bed, and upon waking up the following day, the defendant's step-father noticed that Mrs. Hoover's vehicle was severely damaged. It was later determined that Ms. Rivera had taken her mother's vehicle overnight without permission, without a valid license, and damaged the vehicle. The defendant denied to police that she took the vehicle. However, the police report indicates the defendant told her step-father that she drove the vehicle and hit a tree. Police compared an accident site off Telegraph Road with damage to Mrs. Hoover's vehicle and determined it was a match. The defendant was then arrested for the above-noted charges.

**CONDITION 6:** **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF CHANGE IN RESIDENCE.**

Ms. Rivera failed to notify the Probation Officer within 72 hours of her change in residence. On January 2, 2013, this officer spoke with the defendant's mother, Mrs. Hoover, who related she "kicked" Ms. Rivera out of her home on December 27, 2012, as a result of the new arrests. Mrs. Hoover related she did not know the defendant's whereabouts.

On January 8, 2013, Ms. Rivera reported to the probation office as instructed. She reported she is temporarily residing with a friend in Oxon Hill, Maryland.

**CONDITION 7:** **EXCESSIVE USE OF ALCOHOL.**

On December 26, 2012, Ms. Rivera used alcohol to excess as verified by the defendant's mother, Mrs. Hoover, and the Fairfax County Police report for the above-noted charges. Mrs. Hoover reported she and her husband took the defendant out for her 21st birthday and related Ms. Rivera was severely intoxicated.

**CONDITION 11:** **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BEING ARRESTED BY A LAW ENFORCEMENT OFFICER.**

On December 27, 2012, Ms. Rivera was arrested by the Fairfax County Police Department, but failed to report the contact to the Probation Officer.

Petition on Probation
Page 4
RE: RIVERA, Brooke

**SPECIAL CONDITION 1:** THE DEFENDANT SHALL ENTER AND SUCCESSFULLY COMPLETE AN ALCOHOL EDUCATION PROGRAM AS DIRECTED.

Ms. Rivera was referred to the Fairfax County Alcohol Safety Action Program (ASAP) in July 2012. She was scheduled to begin treatment in September 2012. She failed to attend the first ASAP as instructed and was dropped from the class. Ms. Rivera related she needed a later start date due to personal and criminal matters. This officer instructed Ms. Rivera to contact ASAP and schedule a December start date. She missed her scheduled appointment on December 3, 2012. Ms. Rivera did attend an appointment at ASAP on December 10, 2012, and the start date is pending.

The defendant was referred by ASAP to secondary treatment through Kaiser. Ms. Rivera related she could not afford the additional treatment through Kaiser. Due to financial constraints, the undersigned referred Ms. Rivera to the National Counseling Group on September 10, 2012. Treatment would be paid for by the probation office. Ms. Rivera failed to contact the treatment provider as instructed and failed to appear for appointments on October 23, 2012 and December 4, 2012. She participated in a substance abuse assessment on December 11, 2012. The defendant attended one (1) group on December 11, 2012, and has failed to attend treatment since that time.

**SPECIAL CONDITION 3:** THE DEFENDANT SHALL NOT VIOLATE ANY LOCAL, STATE OR FEDERAL TRAFFIC LAW.

As outlined above, the defendant was arrested on December 27, 2012, for Unauthorized Use of a Vehicle and Operating after Suspension/Revocation.

EFM/smk